UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22151-JEM

REINOL A. GONZALEZ, DMD., P.A.,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

SENTINEL INSURANCE
COMPANY LIMITED,

    Defendant.
_____/

**DEFENDANT SENTINEL INSURANCE COMPANY LIMITED'S
*UNOPPOSED* MOTION FOR ENTRY OF A FINAL JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant SENTINEL INSURANCE COMPANY LIMITED ("Sentinel"), by and through undersigned counsel, and pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, hereby files this Unopposed Motion for Entry of a Final Judgment in this action in a separate document, and, in support thereof, states as follows:

**INTRODUCTION/RELEVANTBACKGROUND**

On October 15, 2020, Plaintiff Reinol A. Gonzalez, D.M.D., P.A. ("Plaintiff" or "Gonzalez"), the owner of a dental practice, filed an Amended Class Action Complaint (D.E. 39) to recover from Sentinel for alleged losses resulting from the COVID-19 pandemic. Plaintiff claimed to have suffered a loss when it "was forced to suspend operations at the dental practice, as a result of COVID-19". *See* D.E. 39. ¶ 42. Plaintiff contended that Sentinel was required to cover its virus-related losses under a policy of property insurance issued by Sentinel to the Plaintiff.

On July 26, 2022 Sentinel moved to dismiss Plaintiff's Amended Class Action Complaint in its entirety and with prejudice.[1] The Court granted Sentinel's Motion to Dismiss on April 17, 2023 (the "Order"). *See* D.E. 68.

The Order is the functional equivalent of a final judgment because it dismisses with prejudice all causes of action against the Defendant. There is no just reason for delay in certifying the Order as a Final Judgment as this matter has been resolved in its entirety. Therefore, Sentinel respectfully requests that the Court certify the Order (D.E. 68) as a final judgment in favor of the Sentinel.

## MEMORANDUM OF LAW

Rule 58(a) provides that "[e]very judgment . . . must be set out in a separate document" with certain listed exceptions, none of which apply here. Fed. R. Civ. P. 58(a)(l)-(5); *see Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-87 (1978). "The separate judgment rule of Rule 58 is important, having been 'designed to eliminate the confusion that previously arose regarding whether a particular order was a final judgment triggering the limitations period for appeal.'" *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1285-86 (11th Cir. 2001) (quoting *Kent v. Baker*, 815 F.2d 1395, 1397 (11th Cir. 1987)).

In this action, the Court issued an Order on April 14, 2023 dismissing this action in its entirety, with prejudice, and ordering the Clerk to close the case. *See* D.E. 68. The separate-judgment rule, however, requires that every order of dismissal be entered as a judgment in a separate document. *Fogade*, 263 F.3d at 1285. This is because Fed. R. App. P. 4(a)(1)(A) provides

---

[1] While Sentinel also filed a motion to dismiss the nationwide class allegations (D.E. 61), the Court did not need to resolve that motion since the Court found there is no coverage for Plaintiff's claims and granted Sentinel's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

that " [i]n a civil case, . . . the notice of appeal . . . must be filed . . . after the judgment or order appealed from" and Fed. R. App. P. 4(a)(7) provides that a judgment or order is entered for purposes of this Rule 4(a):

> (ii) if Federal Rule of Civil Procedure 58(a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:
>
> • ***the judgment or order is set forth on a separate document***, or
>
> • 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).

(Emphasis added). Accordingly, in the absence of a judgment that complies with Rule 58, the Plaintiff will not have a judgment to appeal and, likewise, the Plaintiff's time to appeal will not start running.

## CONCLUSION

For all of the foregoing reasons, Sentinel respectfully requests that the Court enter Final Judgment in a separate document pursuant to Fed. R. Civ. P. 58(a). A proposed Judgment is attached hereto as **Exhibit "A"**.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with S.D. L. R. 7.1(a)(3), I HEREBY CERTIFY that on April 29, 2023, I conferred with Plaintiff's counsel regarding the relief sought in this Motion in a good faith effort to resolve the issues, and Plaintiff's counsel does not oppose the relief sought.

*/s/ James M. Kaplan*
JAMES M. KAPLAN

Dated this 1st day of May 2023.

Respectfully submitted,

*/s/ James M. Kaplan*
James M. Kaplan
Florida Bar No. 921040
Kimberly S. Heifferman
Florida Bar No. 055996
KAPLAN ZEENA LLP
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3050
Miami, FL 33131
Tel.: (305) 530-0800
james.kaplan@kaplanzeena.com
kimberly.heifferman@kaplanzeena.com

Sarah D. Gordon (*admitted pro hac vice*)
Anthony Anscombe (*admitted pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: 202-429-8005
sgordon@steptoe.com

Alan E. Schoenfeld (*admitted pro hac vice*)
Ryan M. Chabot (*admitted pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2023, a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record.

*/s/ James M. Kaplan*
JAMES M. KAPLAN

-4-